UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL, | No. 2:15-cv-0792 KJN P |
| Plaintiff, | |
| v. | ORDER and FINDINGS AND RECOMMENDATIONS |
| L. ANDRICHAK, et al., | |
| Defendant. | |

I. Introduction

    Plaintiff is a state prisoner, proceeding pro se, and is housed at CSP-Sacramento. Plaintiff's motion to reinstate this case following settlement and voluntary dismissal is now before the court. As discussed below, plaintiff's motion should be denied.

II. Background

    Plaintiff's complaint alleged that defendants Andrichuk (a staff licensed psychologist), Schneider (a staff senior psychologist), and Chaiken (the Chief Psychologist) were deliberately indifferent to plaintiff's serious mental health needs. (ECF No. 1.)

    On July 6, 2017, plaintiff filed a notice that the parties had settled this case. (ECF No. 40.) On July 7, 2017, defendants filed a stipulation of dismissal with prejudice, and appended an acknowledgment of receipt of the GE Super Radio, Serial #7458 (hereafter radio or "Settlement Property"), accepted by plaintiff in settlement of this action. (ECF No. 41 at 3.)

1

At the time the case was settled, plaintiff was housed at CSP-Sacramento.

III. The Parties' Positions

On January 22, 2018, plaintiff filed a motion to reinstate his case bearing plaintiff's return address as CSP-Corcoran. (ECF No. 43.) Plaintiff claims that defendants, their attorney, and CSP-Sacramento official representatives have deliberately failed to comply with the terms of the settlement agreement, and conspired to cheat and defraud plaintiff of the property. (ECF No. 43 at 1-2.) Specifically, plaintiff claims that the radio "was shown to plaintiff, and said to be placed into plaintiff's personal property box. On 11/27/2017 the . . . radio disappeared from plaintiff's personal property box." (Id.) Plaintiff contends that defendants and their representatives set out to cheat and defraud plaintiff. Plaintiff also states that the settlement papers along with the documents filed with the court were also taken from plaintiff's personal property. (ECF No. 43 at 5.) Plaintiff alleges that the only people who knew that such documents existed were defense counsel William J. Douglas, Lt. C. Martincek, and plaintiff. Plaintiff contends that Lt. C. Martincek is the only person who could have personally acted or ordered the facility property officer to remove the radio and all legal documents attached thereto. (Id. at 6.)

In opposition, defendants contend that the settlement documents do not confer jurisdiction on the court after the action has been dismissed. To the extent plaintiff contends the disappearance of plaintiff's radio was based on fraud, defendants argue that plaintiff's remedy is to file a state court action for fraud. But even assuming jurisdiction, defendants argue plaintiff's motion should be denied because plaintiff failed to demonstrate fraud. Rather, plaintiff states "[i]t is [his] belief that defendants, their attorney . . . and Correctional Lieutenant C. Martincek illegally conspired to cheat and defraud [plaintiff] out of [his] personal property granted . . . through settlement agreement." (ECF No. 46 at 3, quoting ECF No. 41 at 5.) Defendants aver that plaintiff's "belief" is unsupported by corroborating facts, or a showing of personal knowledge, and is therefore insufficient evidence to support a cause of action for fraud. (ECF No. 46 at 3, citations omitted.)

With their opposition, defendants provided a copy of the settlement agreement and release which provided that "Plaintiff is currently in PSU [Psychiatric Services Unit] and not allowed to

2

have possession of the Settlement Property in his cell, the Settlement Property will be stored for plaintiff and given to him for possession in his cell once he is no longer housed in PSU." (ECF No. 46-1 at 4-5.) Plaintiff and defendants Andrichuk, Schneider, and Chaiken are parties to the settlement agreement and release. (ECF No. 46-1 at 4.)

IV. Jurisdiction

The first question is whether federal jurisdiction exists. Generally, when a district court dismisses an action with prejudice, federal jurisdiction ends and a dispute arising under the settlement agreement is a separate contract dispute that requires its own independent basis for jurisdiction. Kelly v. Wengler, 822 F.3d 1085, 1094 (9th Cir. 2016). However, courts do have the authority to enforce a settlement agreement while the litigation is still pending or when the settlement agreement is referenced in the dismissal order or the court has retained jurisdiction to enforce the agreement. In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1994); Kelly, 822 F.3d at 1085. But such ancillary jurisdiction exists only if the settlement agreement was "made part of the order of dismissal," by retaining jurisdiction over the agreement, "or by incorporating the terms of the settlement agreement in the order." Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 381 (1994).

Here, the parties entered into a stipulation of dismissal with prejudice, and this action was terminated on July 10, 2017. The court did not retain jurisdiction. The order of dismissal does not append the settlement agreement, incorporate the terms of the settlement, or even reference the settlement agreement. (ECF No. 41.) Rather, the parties stated that they "have resolved this case in its entirety," and stipulated to dismissal of the action with prejudice. (Id. at 1.) Therefore, plaintiff motion should be dismissed for lack of jurisdiction.

VI. Motion to Reinstate Case

But even assuming this court has jurisdiction, plaintiff's motion fails.

"The construction and enforcement of settlement agreements are governed by principles of [state] law which apply to contracts generally." Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir. 1990). Under California law, a party can rescind a contract if his consent "was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the

3

connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party." Cal. Civ. Code § 1689.

Here, plaintiff provides no facts or evidence that his consent to the contract was obtained through duress, menace, fraud, or undue influence. Rather, it appears that settlement of this action was accomplished when plaintiff was presented the radio on June 29, 2017. Indeed, the receipt appended to the notice of voluntary dismissal, and signed by plaintiff, confirms that on June 29, 2017, plaintiff accepted the radio, inspected the radio, and found it to be in good working condition. (ECF No. 41 at 3.)

Moreover, plaintiff claims that the Settlement Property "disappeared" from his personal property box on November 27, 2017, almost five months after the settlement agreement was signed. Plaintiff provides no factual allegations as to how he became aware the property "disappeared" on a certain date, or whether November 27, 2017, is the date he became aware his property was missing. In addition, the individuals named as defendants are psychologists; they and defense counsel are not responsible for the prison's property room, and cannot be required to keep plaintiff's radio safe in perpetuity. Plaintiff alleges no facts demonstrating that any of them had access to the property room; rather, he alleges that only Correctional Lieutenant C. Martincek could have acted or ordered someone to act to remove the Settlement Property. But Lt. Martincek is not named as a defendant in the complaint, and is not a party to the settlement agreement.[1] (ECF Nos. 1; 46-1 at 4.) Plaintiff alleges no specific facts demonstrating his personal knowledge of a connection between Lt. Martincek and the named defendants or their counsel. Plaintiff's "belief" or speculation is insufficient to demonstrate fraud was involved in the disappearance of his property almost five months after he accepted receipt of the Settlement Property.

For all of the above reasons, plaintiff's motion should be denied.

////

////

////

---

[1] As noted by defendants, if plaintiff believes that Lt. Martincek fraudulently took plaintiff's Settlement Property, plaintiff may file a state court action for fraud.

4

Accordingly, IT IS HEREBY ORDERED that the Clerk shall assign a district judge to this case.

IT IS HEREBY RECOMMENDED that plaintiff's motion to reinstate his case (ECF No. 43) be denied for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 27, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/howe0792.rein